**Earle E. AUSHERMAN, et al.**

v.

**BANK OF AMERICA CORPORATION, et al.**

**No. CIV.A.MJG–01–CV–438.**

United States District Court,
D. Maryland.

Aug. 29, 2002.

John T. Murray, Sylvia M. Antalis, Murray and Murray Co LPA, Sandusky, OH,

Rodney R. Sweetland, III, Washington, DC, for Plaintiffs.

Dennis P. McGlone, Brian L. Moffet, Gordon Feinblatt Rothman Hoffberger and Hollander LLC, Ava E. Lias Booker, Karl Joseph Nelson, David E. Ralph, Jennifer B. Speargas, Saul Ewing LLP, Baltimore, MD, for Defendants.

### MEMORANDUM & ORDER

GRIMM, United States Magistrate Judge.

Pending is Plaintiffs' Motion to Recuse Magistrate Judge (Paper No. 143), which has been fully briefed and is now ripe for a ruling. A hearing is unnecessary. Local Rule 105.6.

Plaintiffs seek my recusal from this case because Bank of America, F.S.B.[1] holds the mortgage on my principal residence. Plaintiffs claim that this relationship calls into question my impartiality to resolve discovery matters, which have been referred to me pursuant to Judge Garbis' July 11, 2001, Order.[2]

28 U.S.C. § 455 prescribes rules for when a judge should disqualify himself because his impartiality reasonably might be questioned. In fact, 28 U.S.C. § 455 codifies a majority of the provisions of the Code of Conduct for United States Judges, which was adopted in 1973 and contains the ethical canons governing federal judges.[3] *Compare* 28 U.S.C. § 455 *with*

---

1. Plaintiffs' motion assumes that Bank of America, F.S.B. is not separate and legally distinct from the Bank of America Corporation, one of the defendants in this suit. Defendants assert, without explanation, that Bank of America, F.S.B., is a non-party in this case. Regardless, the resolution of this matter does not require the Court to distinguish whether Bank of America, F.S.B. and Bank of America Corporation are separate legal entities.

2. Discovery matters were first referred to Magistrate Judge James Bredar. This case subsequently was reassigned to me on August 22, 2001. (Paper No. 24).

3. The Code of Conduct for United States Judges was adopted by the Judicial Conference of the United States in 1973. 175 F.R.D. 363 n. 1 (1997). As explained in *United States v. Microsoft Corp.*, 253 F.3d 34, 112 (D.C.Cir. 2001), the Code

> prescribes ethical norms for federal judges as a means to preserve the actual and ap-

175 F.R.D. 364 (1997) (Code of Conduct for United States Judges). The relevant[4] portions of 28 U.S.C. § 455 state:

(a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(4) He knows that he, individually, or as a fiduciary... has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be affected substantially by the outcome of the proceeding.

This language is identical to Canon 3C(1)(c) of the Code of Judicial Conduct.

Consequently, a judge must recuse himself generally for any reason in which his impartiality reasonably might be questioned and specifically in cases where he has a financial interest that could be substantially affected by the outcome of the proceeding. As discussed below, neither prohibition is applicable to this case.

■ Section 455(b)(4) requires that a judge withdraw from a case when he holds a "financial interest" in the subject matter of the proceeding or in a party to the proceeding. While the prohibition is clear, what constitutes a "financial interest" often is less than precise. The term is defined in 28 U.S.C. § 455(d)(4) and in Canon 3C(3)(c) as meaning "the ownership of a legal or equitable interest, however small, or a relationship as director, adviser, or other active participant in the affairs of a party." Certain exceptions, none of which are applicable here, also are listed as examples of things that do not constitute a financial interest. *Id.*

Nevertheless, this Court is not deprived of authoritative guidance on the issue. Indeed, whether a debt owed by a judge to a bank that is a party to litigation pending before him recently has been addressed by the Committee on Codes of Conduct in the *Compendium of Selected Opinions* in the *Guide to Judiciary Policies and Procedures*. The *Compendium* "contains a summary of selected published and unpublished opinions issued by the Committee on Codes of Conduct" and "contains summaries of the advice given in response to confidential fact-specific inquiries." II *Guide to Judiciary Policies and Procedures, Compendium* V-i (2001).

Titled "Debt Securities," § 3.1–4 of the *Compendium* provides the necessary guidance in this case. It states that "[d]ebt securities do not give rise to a financial interest in the debtor which issued the securities," and adds: " **[a] judge who is indebted to a bank in a routine loan transaction is not thereby disqualified from cases in which a bank is a party.**" *Id.* at V–26 & V–27 (emphasis added). In other words, the financial interest alleged

---

parent integrity of the federal judiciary. Every federal judge receives a copy of the code, the Judicial Conference's Committee on Codes of Conduct, and digest of the committee's informal unpublished opinions. *See* II Guide to Judiciary Polies and Procedures (1973). The material is periodically updated. Judges who have questions about whether their conduct would be consistent with the Code may write the Codes of Conduct Committee for a written, confidential opinion. *See* Introduction, CODE OF CONDUCT. The Committee traditionally responds promptly. A judge may also seek informal advice from the Committee's circuit representative.

4. In Plaintiffs' memorandum in support of the motion to recuse, counsel only references 28 U.S.C. § 455(a) as the basis for my recusal. In an abundance of caution, this ruling addresses not only 28 U.S.C. § 455(a), which generally prescribes a duty to disqualify, but also 28 U.S.C. § 455(b), which specifically requires recusal when a judge's financial interests are involved.

by Plaintiffs as requiring my recusal is not considered a financial interest at all.

Section 3.1–4 also makes reference to "Advisory Opinion No. 101," which discusses disqualification due to debt interests.[5] *Id.* at V–26. Opinion No. 101, dated January 12, 2001, makes a distinction between ownership of stock, as requiring a judge's recusal, and the existence of debt interests, which do not require a judge's recusal. It is on point in addressing the issue presented here.[6] The Opinion states in pertinent part:

> Ownership of any stock in a party, however small, automatically requires a judge's disqualification because it constitute a financial interest in the party.... Debt interests, however, are not considered to give rise to a financial interest in the debtor that issued the debt security because the debt obligation does not convey ownership interest in the issuer. Therefore, disqualification is not required solely because party in a matter before the judge is a corporation or governmental entity that has issued a debt security owned by the judge.

II Guide to Judicial Policies and Procedures *Published Advisory Opinions* IV–251. Thus, unlike stock ownership which is an automatic ground for recusal, debt securities do not constitute a financial interest in the part of the debtor.[7]

Common sense compels this conclusion. A routine debt like a mortgage, fully secured by real property of an appraised value in excess of the debt, cannot be affected by the outcome of litigation involving the bank that is a mortgagee.[8] A loss for the bank, even if ruinous, would

---

5. The Committee on Codes of Conduct is authorized by the Judicial Conference of the United States to publish formal advisory opinions on various issues frequently raised or of broad application. II Guide to Judicial Policies and Procedures *Published Advisory Opinions* IV-i

6. In their reply, Plaintiffs make reference for the first time to Advisory Opinions Nos. 20 and 27 as authority for Plaintiffs' position. (Paper No. 150). Neither of these opinions are relevant. Advisory Opinion No. 20 discusses whether a judge must recuse himself if he is a stock owner and the stock issuer is a party and the parties have expressed no objection to his presiding over the case. II Guide to Judicial Policies and Procedures *Published Advisory Opinions* IV–39. Likewise Advisory Opinion No. 27 also is inapplicable. Advisory Opinion No. 27 discusses the issue of whether a judge must recuse himself when his spouse is the beneficiary of a trust who leases property to the defendant and receives income from the trust. *Id.* at IV–53 & 54. Stating that the spouse had a "financial interest," the opinion said that whether such financial interest would be substantially affected by the litigation would have to be decided on a facts of each case presented. Regardless, the Committee on Codes of Court expressed its view, based on the facts presented to it, that an appearance of impropriety would arise if the judge presided in a case "involving a defendant which pays a substantial amount of rent which eventually is paid or credited to the judge's spouse as the sole beneficiary of a trust managed by the lessor." *Id.* at IV–54. This situation is wholly different from the issue presented here. Plaintiffs' reply makes no mention of § 3.1–4 of the Compendium or Advisory Opinion No. 101, which are applicable as explained above.

7. Even assuming *arguendo* that my mortgage with Bank of America, F.S.B., constituted a financial interest, Plaintiffs have made no showing that such an interest in anyway would be affected by the proceedings in this case. Indeed, this is a case where any decision made by me would not have any impact of my mortgage, let alone a *de minimis* impact which, likewise, may not require recusal. *See Virginia Electric & Power Co.*, 539 F.2d 357 (4th Cir.1976) (holding that a judge's remote interest in receiving a customer's refund as user of a utility was insufficient to disqualify him from ruling on the issue of utility rates).

8. Litigation, that is, other than that involving the mortgage loan or underlying property itself.

not extinguish or reduce the obligation of the mortgagor to repay, or undermine the value of the property securing the loan. Similarly, a victory for the bank, regardless of how substantial, affords no possible benefit to the mortgagor. The same cannot be said of a judge's ownership interest in stock, for example, the value of which could be affected by the outcome of litigation against the stock issuer.

 Nor have Plaintiffs demonstrated a basis for recusal under the more general prohibition of 28 U.S.C. § 455(a), that a judge should disqualify himself whenever his impartiality reasonably might be questioned. A motion for recusal under this general prohibition must be analyzed using an objective standard that asks "whether the judge's impartiality might be questioned by a reasonable, well-informed observer who assesses 'all the facts and circumstances.'" *United States v. DeTemple*, 162 F.3d 279, 286 (4th Cir.1998) *quoting United States v. Sellers*, 566 F.2d 884, 887 (4th Cir.1977) (*quoting* H.R.Rep. No. 93–1453 (1974), *reprinted in* 1974 U.S.C.C.A.N. 6351, 6355).

In this case, Plaintiffs seek relief from the alleged improper accessing of their *credit reports* in violation of the Fair Credit Reporting Act. The remedy they seek is damages pertaining solely to this alleged improper access. There is no allegation—and indeed none could be made in good faith—that the resolution of this case may somehow affect my interest as a mortgagor to the Bank of America, F.S.B., for the reasons clearly explained above. Were this not so, then a judge would have to recuse himself in every case involving, even somewhat remotely, the issuer of credit cards kept in his wallet or the lender who financed the purchase of the judge's car. If a routine, commercial loan

transaction is not viewed as a financial interest that requires automatic recusal then, *a fortiorari*, its existence, alone, reasonably cannot give rise to any legitimate concern about impartiality.[9] The motion, therefore, is without merit. Accordingly, it is this 29 day of August, 2002, ORDERED that Plaintiffs' Motion to Recuse Magistrate Judge is denied.

---

9. In addition, as of August 16, 2002, as part of a routine refinancing transaction initiated before the motion to recuse was filed, the loan underlying the mortgage at issue here was paid in full. The new mortgagee is not a Bank of America entity.